UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 13-cv-84-KSF

EDWARD HOPKINS                                                PLAINTIFF

v.                               **OPINION & ORDER**

CAROLYN W. COLVIN,
Acting Commissioner of Social Security                               DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Edward Hopkins, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for period of disability and disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.     OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2)     If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous

> period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> (4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.
>
> (5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Plaintiff filed his applications for benefits on December 5, 2006, alleging disability as of October 1, 2006 [TR 98-102, 122, 124].[1] Plaintiff's applications were denied initially and again on reconsideration [TR 87-88, 92-94]. After a hearing before an Administrative Law Judge ("ALJ") on March 27, 2008 [TR 46], the ALJ issued an unfavorable decision on June 25, 2008 [TR 43-53]. On March 11, 2009, the case was remanded by the Appeals Council [TR 38-42]. After a hearing on

---

[1] Plaintiff's previous applications for DIB and SSI, filed on July 19, 1993, were denied in an initial determination on September 22, 1993, without further appeal [TR 20]. In his motion, Plaintiff does not raise any issues related to this denial.

July 23, 2010 [TR 20], a second ALJ issued an unfavorable decision on August 6, 2010 [TR 17-30]. Plaintiff's request for review to the Appeals Council was denied on January 31, 2013, and the decision of the ALJ now stands as the final decision of the Commissioner [TR 10-13].

At the time the ALJ rendered his decision, Plaintiff was 46 years old [TR 30, 54]. He has an eighth-grade education and has past relevant work experience as a landscaper and tree trimmer [TR 129, 132]. Plaintiff claims that his ability to work is limited due to a bulging disc and shrinking spine [TR 125]. Plaintiff alleges that he became disabled on October 1, 2006 and that he could no longer work due to his condition [TR 126]. Plaintiff testified that he attempted to work subsequent to his alleged onset date, but had to stop all work in December 2009 due to the pain in his back and legs [TR 22-23, 575-578].

The ALJ began his analysis by determining that Plaintiff has met the insured status requirements of the Social Security Act through June 30, 2011 [TR 22]. At step one, the ALJ found that Plaintiff has not engaged in any substantial gainful activity since October 1, 2006, the alleged onset date [TR 22]. At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: disorders of the back, right leg, and left hip [TR 23]. Continuing on to the third step, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments [TR 23].

Reviewing the entire administrative record and considering Plaintiff's testimony, the ALJ described Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). [Plaintiff] can lift/carry 20 pounds occasionally, 10 pounds frequently; stand 2 hours in an 8-hour workday; walk 2 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday. [Plaintiff] is unable to climb ladders, ropes, and scaffolds. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch,

and crawl. [Plaintiff] should not operate moving machinery or work at unprotected heights. He should avoid concentrated exposure to cold and vibration.

[TR 23-28].

At step four of the analysis, considering the testimony of a Vocational Expert ("VE"), the ALJ found that Plaintiff could not perform any past relevant work [TR 28]. However, at step five, the ALJ concluded that, based on Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform [TR 28-29]. Therefore, the ALJ determined that Plaintiff has not been under a disability, as defined in the Social Security Act, from October 1, 2006 through the date of the ALJ's decision. [TR 29].

The ALJ's decision that Plaintiff is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied his request for review on January 31, 2013 [TR 10-13]. Plaintiff has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In

reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards. Plaintiff's brief presents four issues to be determined by this Court: (1) whether the ALJ gave appropriate weight to the opinions of Plaintiff's treating physicians; (2) whether the ALJ gave adequate reasoning for rejecting the opinions of Plaintiff's treating physicians; (3) whether the ALJ considered the combined effects of all of Plaintiff's impairments, without regard to whether any such impairments, if considered separately, would be of sufficient severity to render Plaintiff disabled; and (4) whether a reasonable person could conclude and justify that Plaintiff is not disabled in light of the substantial limitations assigned by the treating physician, supported by overwhelming objective medical evidence. However, despite the issues raised by Plaintiff, a review of the administrative record reveals that the ALJ's decision was based on substantial evidence and was decided by the proper legal standards.

### A. The ALJ Properly Considered the Opinions of Plaintiff's Treating Physicians

Plaintiff first argues that the ALJ did not give appropriate weight to the opinions of Plaintiff's treating physicians, Phillip Tibbs, M.D., and Paul McLaughlin, M.D. According to Plaintiff, both Dr. Tibbs and Dr. McLaughlin prepared reports assigning limitations which would prevent any

chance of work activity. However, Plaintiff argues that the ALJ improperly relied instead on the opinion of state agency consultant Amanda Lange, M.D., a non-examining physician, who reached her opinion based upon her review of Plaintiff's records.

It is well established that the findings and opinions of treating physicians are entitled to substantial weight. "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters*, 127 F.3d at 530-31; *see also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference"). Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor. *Harris*, 756 F.2d at 435. If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight. 20 C.F.R. § 404.1527(d)(2); *see also Walters*, 127 F.3d at 530.

The Social Security regulations recognize the importance of longevity of treatment, providing that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. . . ." 20 C.F.R. § 404.1527(d)(2). Thus, when weighing the various opinions and medical evidence, the ALJ must consider other pertinent factors, such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the

opinion's supportability by evidence and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). In terms of a physician's area of specialization, the ALJ must generally give "more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5).

In the Sixth Circuit, however, a treating source opinion should be given controlling weight only when it is well-supported by clinical and laboratory findings, and is consistent with other evidence of record. *Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984); *Crouch v. Secretary of Health and Human Services*, 909 F.2d 852, 856 (6th Cir. 1990); *see also*, 20 C.F.R. §§ 416.927(b), (d)(2), (3)-(4). The Commissioner is not bound by a mere conclusory statement of a treating physician, particularly where it is unsupported by detailed, objective criteria and documentation. *See Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). In other words, the supportability of a treating physician's opinion depends on the degree to which the source presents relevant evidence to support the opinion, and in particular, support the opinion with medical signs and laboratory findings. 20 C.F.R. §§ 416.927(a), (d)(3). "It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, *2 (1996).

In *Wilson*, 378 F.3d at 544, the Sixth Circuit held that if an ALJ declines to accord controlling weight to a treating physician opinion, the ALJ must give good, specific reasons for the weight accorded the opinion. *Id*. at 544. This is essentially a procedural safeguard, ensuring that

a claimant understands the disposition of his case, and that the ALJ applied the treating physician rule so as to provide meaningful judicial review of that application. *Id*. at 544-45.

Plaintiff's brief refers to a Physical Capacities Evaluation completed by Dr. McLaughlin on March 31, 2008, in which Dr. McLaughlin opines that Plaintiff can sit four hours, stand one hour, and walk one hour a day; can occasionally lift and carry up to 10 pounds; cannot use feet for repetitive movement; can occasionally reach above shoulder level, but can never bend, squat, crawl, or climb; is totally restricted from exposure to unprotected heights and has moderate limitations in his exposure to moving machinery and driving automotive equipment [TR 542]. Dr. McLaughlin also completed an identical form on March 20, 2008, listing the same restrictions for Plaintiff [TR 520]. Dr. Tibbs also filled out an identical form on July 13, 2010, in which he opined that Plaintiff can sit and stand two hours and walk one hour a day; can occasionally lift and carry up to 20 pounds; cannot use feet for repetitive movement; can occasionally reach above shoulder level, bend and squat, but can never crawl, or climb; is totally restricted from being around moving machinery; is moderately restricted from exposure to unprotected heights and driving automotive equipment; and is mildly restricted from exposure to marked changes in temperature and humidity [TR 545].

According to Plaintiff, the ALJ "completely ignored" these opinions. However, the ALJ did not ignore the opinions of Dr. McLaughlin and Dr. Tibbs. Rather, the ALJ considered these opinions and provided thorough explanations for the weight accorded to each. With respect to Dr. McLaughlin's opinions regarding Plaintiff's work restrictions, the ALJ explained that he granted these opinions little weight because they are not supported by the evidence, including Dr. McLaughlin's own limited treatment notes. The ALJ noted that the evidence identified as treatment notes from Dr. McLaughlin are actually notes from other associates in his office, as Dr. McLaughlin

8

actually examined and treated Plaintiff on very few occasions subsequent to October 1, 2006, the alleged onset date [TR 27, 217-218, 410-470, 522, 525-29, 53-34, 539-40]. The ALJ also noted that the medical evidence of record is devoid of a complete medical report from Dr. McLaughlin, raising the question of what objective medical findings formed the basis of Dr. McLaughlin's opinion. The ALJ also found that the medical evidence of record from Dr. McLaughlin and his associates fails to indicate complaints or treatment related to low back pain after July 2007 [TR 26]. The ALJ also noted that the most medical evidence of record from Dr. McLaughlin's office in April 2009 notes that Plaintiff "feels good" [TR 26, 522].

The ALJ also gave little weight to Dr. Tibbs' opinions regarding Plaintiff's restrictions, explaining that the medical evidence of record is devoid of evidence indicating the Dr. Tibbs has examined or treated Plaintiff between July 2007 and July 2010, when Dr. Tibbs opined that Plainitff had extreme limitations [TR 27, 508, 545]. Accordingly, the ALJ concluded that Dr. Tibbs' assessment of Plaintiff's restrictions in July 2010 could not accurately reflect Plaintiff's then-current level of functioning [TR 27, 508, 545]. The ALJ further found that Dr. Tibbs' assessment is inconsistent with the evidence of record, including Dr. Tibbs' treatment notes, as there is no indication that Dr. Tibbs placed such extreme limitations on Plaintiff during his actual treatment from December 2006 through July 2007 [TR 28]. Indeed, when Dr. Tibbs first examined Plaintiff in December 2006, he noted that Plaintiff had noted tried physical therapy and he failed a conservative approach with Medrol Dosepak [TR 514]. Dr. Tibbs also noted that manual muscle testing was 5/5, but a MRI of the Lumbar spine on November 8, 2006 showed a large central L4-L5 right herniated nucleus pulposus and he recommended a lumbar microdiscectomy [TR 514]. On February 27, 2007, Dr. Tibbs wrote that Plaintiff had a history of a L4-5 lumbar miscrodiscectomy

9

redo on January 22, 2007 and, postoperatively, he complained of increased right lower extremity pain and was minimally better today [TR 511]. However, on April 10, 2007, Dr. Tibbs wrote that Plaintiff "seem[ed] to be getting a lot better" [TR 509]. In July 2007, Dr. Tibbs wrote that Plaintiff had 5/5 strength and 1+ reflexes and that, despite Plaintiff's allegations of pain and an MRI showing recurrent right L4-5 herniated nucleus pulposus, Plaintiff is not interested in pursuing surgery [TR 508]. Thus, Dr. Tibbs statements that Plaintiff seemed to be getting better in April 2007 are inconsistent with his placement of extreme restrictions on Plaintiff in July 2010.

Dr. McLaughlin's and Dr. Tibbs' assessments of Plaintiff's limitations are also inconsistent with the other evidence in the record. On August 20, 2007, Plaintiff's treating pain management physician, Dr. Ellen Flinchum, M.D., noted Plaintiff's complaints of pain in his low back, right foot and right ankle [TR 251]. Dr. Flinchum also noted that, although Plaintiff's gait was abnormal, he had an active range of motion of bilateral upper and lower extremities within normal limits and his sensation was grossly intact to light touch and pinprick, but decreased at L4-L5 dermatomes [TR 252]. On September 18, 2007, Dr. Flichum noted that Plaintiff's gait had improved, that his lower back pain was alleviated by physical therapy and medication and that his right foot and ankle pain was alleviated by medication [TR 254]. On November 15, 2007, Dr. Flichum noted that Plaintiff's low back pain and right foot pain were unchanged and stable and that his prescription for Neurontin was helping him sleep [TR 504].

In addition, the ALJ granted significant weight to the October 1, 2007 assessment by non-examining physician, Dr. Lange [TR 26]. Dr. Lange opined that Plaintiff could perform light work activity with lifting/carrying 20 pounds occasionally, 10 pounds frequently; standing/walking 2 hours in an 8-hour workday; sitting 6 hours in an 8-hour workday; could never climb ladders, ropes, or

10

scaffolds; could occasionally climb ramps and stairs, stoop, kneel, crouch, or crawl; must avoid all exposure to hazards such a moving machinery and unprotected heights; must avoid concentrated exposure to extreme cold and vibration. Dr. Lange's opinion, as a state agency consultant and expert in Social Security disability, may be entitled to great weight if her opinion is supported by the evidence in the record. 20 C.F.R. § 404.1527(e)(2); SSR96-6p, 61 Fed. Reg. 34,366-01 (July 2, 1996). The ALJ noted that Dr. Lange performed a thorough review of the evidence of record and based her opinion on this evidence [TR 26]. The ALJ also concluded that Dr. Lange's assessment was consistent with the medical evidence [TR 26]. Thus, the ALJ did not err in giving great weight to Dr. Lange's opinion, as Dr. Lange's opinion was supported by the evidence in the case record. Further, the ALJ gave good reasons for giving greater weight to the opinions of agency sources. *Helm v. Comm'r of Soc. Sec.*, 405 Fed.Appx. 997, 1002 (6th Cir. Jan. 4, 2011)(unpublished)("Once the AL determined not to accord [the claimant's treating physician's] opinion 'controlling weight,' the ALJ was required only to provide 'good reasons' for giving greater weight to the opinions of agency sources.")(citing 20 C.F.R. § 404.1527(d)(2)).

Because Dr. McLaughlin's and Dr. Tibbs' opinions are not well-supported by clinical and laboratory findings and are inconsistent with other evidence of record, the ALJ did not err by declining to give these opinions controlling weight. *Houston*, 736 F.2d at 367; *Crouch*, 909 F.2d at 856. *See also*, 20 C.F.R. §§ 416.927(b), (d)(2), (3)-(4). For these reasons, substantial evidence supports the ALJ's decision to discount the opinions of Dr. McLaughlin and Dr. Tibbs. The opinion of Dr. Lange, a highly qualified physician who is an expert in the evaluation of medical issues in disability claims, is supported by the record as a whole and provides substantial evidence in support of the ALJ's decision with respect to Plaintiff's medical RFC.

B. The ALJ Considered the Combined Effect of Plaintiff's Impairments

Plaintiff also argues that the ALJ failed to consider the combined effect of Plaintiff's impairments when determining Plaintiff's RFC. In determining whether Plaintiff is disabled, the ALJ is required to consider the combined effect of all of his impairments. 20 C.F.R. § 404.1523; 20 C.F.R. § 416.923. Plaintiff fails to identify which specific impairment or impairments the ALJ allegedly failed to consider. Regardless, the Sixth Circuit has held that "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health & Human Services*, 901 F.2d 1306, 1310 (6th Cir.1990) (citing *Gooch v. Secretary of Health & Human Services*, 833 F.2d 589, 592 (6th Cir.1987)). Here, the ALJ made a specific finding that Plaintiff "does not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments" in the applicable regulations [TR 23 (emphasis added)]. Further, in determining Plaintiff's RFC, the ALJ noted that he carefully considered the entire evidence and considered all Plaintiff's symptoms [TR 23-24]. The ALJ also made multiple references in his decision to Plaintiff's "impairments" (plural) and discussed each impairment in detail [TR 23-24, 28]. For these reasons alone, Plaintiff's argument fails.

C. Plaintiff's Remaining Arguments Fail

In a final attempt to argue that the ALJ's decision was erroneous, Plaintiff makes fleeting references to various additional arguments, including general challenges to the ALJ's findings that Plaintiff is not disabled and that Plaintiff's impairments were not severe enough to meet the listed impairments, as well as the ALJ's assessment of Plaintiff's credibility, without any serious effort to

12

develop any particular argument. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to...put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)(quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)). The United States Court of Appeals for the Sixth Circuit has

> decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (I) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his/her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir.2006). In *Hollan*, the court also refused to consider the claimant's generalized arguments regarding the physician's opinions of record:

> [Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Id. See also United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir.1993)(noting that "it is not our function to craft an appellant's arguments").

Plaintiff identifies "[w]hether a reasonable person could conclude and justify that plaintiff is not disabled in light of the substantial limitations assigned by the treating physician, supported by overwhelming objective medical evidence" [DE #11-1]. However, the Court has found that the

13

ALJ's decision to grant little weight to the assessments of Plaintiff's limitations by Plaintiff's treating physicians was not erroneous.

Plaintiff also challenges the ALJ's finding that Plaintiff's impairments were not severe enough to meet the listed impairments, arguing that "the medical evidence is overwhelming and it does indicate evidence of intensity, frequency and duration so as to seriously interfere with Plaintiff's ability to function," and that "[i]t is clear from the record that Plaintiff should have been determined to be disabled" [DE #11-1]. However, despite Plaintiff's allegations of "overwhelming" evidence, Plaintiff makes no effort to identify the specific impairment or impairments to which he is referring, much less the "clear" medical evidence that he maintains is in the record. Nor does he offer any explanation of how his impairments interfere with his ability to function. The burden is on Plaintiff to demonstrate that his condition meets a listed impairment, *see Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001), and he has failed to show that he meets all of the specified medical criteria for any listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Plaintiff's challenge to the ALJ's credibility finding regarding his testimony at the hearing fails for similar reasons. A plaintiff's subjective statements of pain or other symptoms, taken alone, cannot support a finding of disability. 20 C.F.R. § 404.1529 (a)-(e). *See also Tyra v. Secretary of Health and Human Services*, 896 F.2d 1024, 1030 (6th Cir. 1990). The Sixth Circuit Court of Appeals has developed a two-prong test to evaluate a claimant's assertions of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
>
> *Walters*, 127 F.3d at 531(citations omitted).

In addition, "in evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant." *Id*. (citing *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 538 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). Although an ALJ's assessment of a claimant's credibility must be supported by substantial evidence, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531 (citations omitted).

Here, the ALJ found that, although Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms Plaintiff alleged, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with his RFC [TR 24]. The ALJ then thoroughly discussed Plaintiff's testimony in his decision, and discounted his subjective complaints and found that the medical evidence in the record indicates that Plaintiff's pain symptoms are not as severe as alleged [TR 24-28]. It is within the province of the ALJ to resolve conflicts in the evidence and decide questions of credibility. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). Plaintiff has not offered any specific testimony that should have been considered credible, and has failed to dispute the ALJ's reasons for rejecting his testimony. Again, inasmuch as Plaintiff has failed to explain how the ALJ's credibility finding was not supported by substantial evidence, the Court will not disturb the ALJ's credibility finding.

For all of these reasons, Plaintiff has failed to meet his burden of proving that his condition caused disabling limitations. The record contains substantial evidence in support of the ALJ's assessment of Plaintiff's ability to work and his finding that Plaintiff's allegations were not totally

credible. Upon review, the Court finds that substantial evidence supports the ALJ's findings and his conclusion that Plaintiff is not disabled.

## V. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Plaintiff's motion for summary judgment [DE #11] is **DENIED**;

(2) the Commissioner's motion for summary judgment [DE #14] is **GRANTED;**

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This March 25, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

for Karl S. Forester, Senior Judge